| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ZOLKIN TALERICO LLP<br>Derrick Talerico (SBN 223763)<br>dtalerico@ztlegal.com<br>12121 Wilshire Blvd., Suite 1120<br>Los Angeles, CA 90025<br>Tel: 424.500.8552<br><br>Proposed Attorneys for Debtor and Debtor-in-Possession<br><br>☐ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**JAN 16 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** ghaltchi   **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>JACKIE'S COOKIE CONNECTION, LLC,<br>a California limited liability company<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-24571-NB<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)**<br><br>DATE: January 15, 2018<br>TIME: 10:00 a.m.<br>COURTROOM: 1545<br>PLACE: 233 E. Temple Street<br>        Los Angeles, CA 90012 |

**Movant:**  Smashssma, LLC

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. This order applies to the following real property (Property):

   Type of property:    ☐ Residential    ☒ Nonresidential

   *Street Address:* 730 E. 139th Street
   *Unit/Suite number:*
   *City, State, Zip Code:* Compton, CA 90069

3. The Motion is granted under:

   a.    ☒  11 U.S.C. § 362(d)(1)

   b.    ☐  11 U.S.C. § 362(d)(2)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                            Page 1                                      F 4001-1.RFS.UD.ORDER

    c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

       (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

       (2) ☐ Multiple bankruptcy cases affecting the Property.

       (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

       (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

    c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

    a. ☐ without further notice.

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*      Page 2      **F 4001-1.RFS.UD.ORDER**

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*):

   Debtor shall turn over possession of the Property to Movant in "broom clean" condition, on or before January 31, 2019 (the "Turnover Date"), and the lease shall be considered terminated on the Turnover Date. Within 10 business days of the Turnover Date, Movant shall dismiss unlawful detention action Case No. 18STCV04352 before the Los Angeles Superior Court.

   Prior to the Turnover Date, should Movant or Movant's agent require access to the Property for purposes of showing the Property for lease and/or sale, counsel for Movant shall give 24-hour advance email notice to counsel for Debtor. Debtor and Movant agree to work cooperatively to accommodate access requests on less than 24-hour notice.

   In the event all of Debtor's equipment has not been removed from the Property by the date Movant takes possession of the Property, Movant agrees to provide Debtor access to the Property – through February 2019 – on 24-hour advance email notice to counsel for Movant, solely for the purpose of removing equipment which is property of the Debtor's.

   As an officer of this Court, counsel to Debtor represents that the terms reflected in this order have been agreed to by Debtor and Movant.

   ###

Date: January 16, 2019

_____
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.UD.ORDER