1  Sandford L. Frey (SBN 117058)
   **LEECH TISHMAN FUSCALDO & LAMPL, INC.**
2  200 South Los Robles Avenue, Suite 210
   Pasadena, California 91101
3  Telephone: 626.796.4000; Facsimile: 626.795.6321
   E-mail: *sfrey@leechtishman.com*
4
5  Attorneys for Objecting Creditors, Brian Haloossim, Maurice Rasgon,
   the Maurice Rasgon Irrevocable trust, Michael Jarvis, and
6  Davina Grossman on behalf of Russell Grossman and the
   Babars Kingdom Trust

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9
                    **[LOS ANGELES DIVISION]**
10

| | |
|---|---|
| In re | CASE NO.: 2:18-bk-24571-NB |
| **JACKIE'S COOKIE CONNECTION, LLC,** | Chapter 11 |
| Debtor and Debtor-in-Possession. | **OPPOSITION OF OBJECTING CREDITORS TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M);** |
| | **DECLARATION IN SUPPORT** |
| | Date:  May 7, 2019<br>Time:  2:00 p.m.<br>Place:  Courtroom 1545<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

1    Brian Haloossim ("Haloossim"), Maurice Rasgon ("Rasgon"), the Maurice Rasgon

2    Irrevocable Trust ("Rasgon Trust"), Michael Jarvis ("Javis"), and Davina Grossman on behalf of

3    Russell Grossman and the Babars Kingdom Trust (collectively "Grossman Creditors" and together

4    with Haloossim, Rasgon, Rasgon Trust and Jarvis, the "Objecting Creditors"), creditors in the

5    above-referenced matter, hereby file this Opposition ("Opposition") to *Motion for Order: (1)*

6    *Approving Asset Purchase Agreement and Authorizing the Sale of Property Free and Clear of Liens,*

7    *Claims, and Interests Pursuant to 11 U.S.C. § 363(b) and (f); (2) Approving Procedures Related to*

8    *the Assumption of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365;*

9    *(3) Approving the Form and Manner of Notice; and (4) Approving Buyer as Good Faith Purchaser*

10    *Pursuant to 11 U.S.C. § 363(m)* ("Sale Motion") for the reasons set forth herein.

11    **I.**

12    **INTRODUCTION**

13    The Objecting Creditors hold aggregate claims against this estate of approximately

14    $1,686,495.27 out of the total scheduled unsecured claims of approximately $3,066,869.27, thus

15    accounting for approximately fifty-five (55%) of the unsecured claims against this estate.[1]  Simply

16    put, the proposed sale is not in the best interest of creditors.

17    Having induced the Objecting Creditors into loaning substantial sums of money to the Debtor

18    and then having mismanaged their funds, Rachel Galant now seeks to compound the harm by

19    stripping the estate of the business and assets for an illusory purchase price which will result in de

20    minimis distribution to unsecured creditors, or no distribution at all.

21    Not only will the proposed sale to Ms. Galant not result in distribution to creditors, the

22    purported cash component of the proposed sale price is misleading as it is contingent on the

23    refinance and the sale of Ms. Galant's home.  Yet, no reliable marketing or valuation evidence is

24

25    [1] The claim estimates are based on the Debtor's Schedules, consisting (a) Haloossim in the amount of
$286,117.37; (b) Rasgon in the amount of $106,000; (c) Rasgon Trust in the amount of $697,353.75; (d) Jarvis in the
amount of $412,000; and (e) Grossman Creditors in the amount of $185,024.15.

26

2

27    **OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING
THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §**

28    **363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER
OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)**

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

1    provided in the Sale Motion upon which creditors can relay to base an informed judgment about the

2    proposed sale.  In addition, no reliable evidence is provided in the Sale Motion as to the feasibility of

3    Ms. Galant's ability to refinance and/or sell her home or a reliable time table for accomplishing the

4    same.  Given the Debtor's dismal operational performance during the course of the Chapter 11 case

5    and the fact that Ms. Galant is purportedly working for the Debtor, it is difficult to imagine how

6    refinancing is feasible.

7    Assuming *arguendo* that Ms. Galant is able to refinance or sell her residence in a timely

8    manner, the record in this case establishes that proposed sale is not in the best interests of creditors,

9    it is simply in Ms. Galant's best interest.  To that end, the Sale Motion does not establish that this

10   proposed sale is a sound exercise of the debtor in possession's business judgment.  Rather than

11   appearing as a good faith honest belief on the part of the debtor in possession that she is acting in the

12   best interest of the estate and creditors, the Sale Motion appears to be quite the opposite – a device

13   motived by self-interest and the result of self-dealing.

14   The proposed sale will permit Ms. Galant to continue business as usual sans the claims of

15   bona fide creditors.  Assuming *arguendo* that the cash component of the purchase price is paid, the

16   $100,000 cash component of the purchase price will be exhausted by administrative and priority

17   claims (the scheduled priority claims alone are $45,898.48, without consideration of the claims for

18   unpaid post-petition rent).  Even assuming a portion of the cash price manages to make its way to

19   unsecured creditors (which is highly doubtful), it will result in a less than one percent distribution to

20   creditors based upon the scheduled claims.

21   Before this Court permits Ms. Galant to consummate her scheme, the Objecting Creditors

22   would rather consider bidding for the intellectual property, and they are better situated to benefit

23   creditors.  For example, inasmuch as the Objecting Creditors hold approximately 55% of the

24   unsecured claims, the Objecting Creditors can consider including as part of their offer an agreement

25   to subordinate their sizable claims to the claims of other unsecured creditors so that the remaining

26

3

27   **OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING
THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §
28   363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. §  365; (3) APPROVING THE FORM AND MANNER
OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. §  363(M)**

1   unsecured creditors will receive a higher pro rata share of the resulting proceeds.  Unfortunately,

2   they cannot do so within the short time frame provided because of the dearth of reliable information

3   set forth in the Sale Motion as well as a result of Ms. Galant's self-dealing conduct prior to the filing

4   of the Sale Motion.

5        Among the plethora of deficiencies with the Sale Motion, there is not a full and complete list

6   of the Debtor's intellectual property.  Interested bidders cannot ascertain exactly what is being sold

7   by way of the Sale Motion without a full and complete list of the intellectual property, and the status

8   of any registrations with the United States Patent and Trademark Office ("USPTO") as well as a

9   thorough description of the extent, nature and validity of any liens recorded against such intellectual

10  property.  No meaningful information about the intellectual property is provided in the Sale Motion

11  or offered to potential bidders, apart from an invitation to show up with cash on May 7.  The Court

12  should note that the Objecting Creditors had no prior knowledge of Ms. Galant's intention to make

13  an offer to purchase the estate's assets, nor did they receive notice of the Sale Motion until April 19

14  or 20, probably due to the intervening holiday.  While that may be in technical compliance with the

15  notice requirements under Rule 2002, it is insufficient for purposes of a sale if the goal of such sale

16  is to maximize the return to creditors.

17       Moreover, there is no reliable evidence that the assets were properly marketed.  The

18  following statement in the Sale Motion is worth noting -- "if any competing bid is received prior to

19  or at the Sale Hearing, the Debtor will consider such bid and put for approval [Ms. Galant's] bid, one

20  or more competing bids, or some combination thereof."  [emphasis added].  Since Ms. Galant is

21  ultimately in control of the Debtor, it is unlikely the Debtor will seriously consider another

22  competing bid, and, in fact, she has not.  As set forth in the Declaration of Brian Haloossim attached

23  hereto ("Haloossim Declaration"), the Objecting Creditors made several proposals, all of which were

24  summarily rejected by Ms. Galant because she was dissatisfied with the employment terms offered

25  to her.

26

27  **OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY**

28  **CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)**

4

LEECH TISHMAN FUSCALD0 & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

1    Under these circumstances, it would a miscarriage of the bankruptcy process to now permit

2    Ms. Galant to use the Sale Motion as an artifice for effectively stealing her company away from

3    creditors, particularly based on the flimsy evidence presented in the Sale Motion and the short notice

4    provided.

**II.**

**JURISDICTION AND VENUE**

7    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a

8    core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case is proper under 28 U.S.C. §§

9    1408 and 1409.

**III.**

**BACKGROUND**

12    On December 17, 2018 ("Petition Date"), Jackie's Cookie Connection, LLC ("Debtor") filed

13    a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §

14    101, *et seq*. ("Bankruptcy Code") at the above-captioned case number ("Bankruptcy Case"). The

15    Debtor was a manufacturer and seller of specialty cookies.  No creditors' committee was appointed

16    in this case, and the Debtor remains in possession of its assets.

17    On April 16, 2019, the Debtor filed its Sale Motion.  By way of the Sale Motion, the Debtor

18    seeks authority to sale substantially all of the Debtor's assets ("Assets") to the Debtor's CEO and

19    owner, Rachel Galant ("Ms. Galant") purportedly for approximately $550,000.  Pursuant to the Sale

20    Motion, the sale to Ms. Galant is structured in two parts.  Part One is the purchase of certain

21    equipment listed on Schedule A to the Declaration of Ms. Galant attached to the Sale Motion

22    ("Declaration") and the cure, assignment, and assumption of certain equipment and real property

23    leases listed on Schedule B attached to the Declaration ("Sale Part One").  The purchase price for the

24    assets allotted to Sale Part One is estimated to be $450,000.  The price is estimated because some of

25    the asset prices are listed as TBD.  Part Two of the sale is the purchase of other assets, which are

26

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

5

27    **OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING
THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §**

28    **363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER
OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)**

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

1  listed on Schedule C of the Declaration and include certain intellectual property of the Debtor, such

2  as the Debtor image, branding, and trademarks ("Sale Part Two").  The purchase price for Sale Part

3  Two is $100,000.  The sale of the assets to Ms. Galant is contingent upon the sale and/or refinance of

4  Ms. Galant's residence.  Ms. Galant plans to fund Sale Part One through the refinance of her

5  residence, which is expected to close within the next thirty days.  Ms. Galant plans to fund Sale Part

6  Two through the sale of her residence.  No timetable is set for such sale.

7                                                    **IV.**

8                                              **OBJECTION**

9        The Objecting Creditors object to the relief requested by the Debtor in the Sale Motion for

10  the reasons set forth more fully herein.

11        Initially, the sale is contingent on the refinance and the sale of Ms. Galant's home.  No

12  evidence other than the Declaration was provided regarding proof of Ms. Galant's ability to

13  refinance and/or sell her home.  Further, there was no evidence offered at all regarding the amount of

14  equity in Ms. Galant's home.  The Sale Motion insists that any other competing offers should bring

15  cash to the sale hearing, but Ms. Galant, an insider, has offered no evidence that she can, indeed,

16  purchase the Assets or exactly when the sale of the Assets will occur.  In other words, potential

17  bidders are required to show up on May 7 with cash, while the purported stalking horse bidder, Ms.

18  Galant an insider, is not required to show up with cash.

19        While the Sale Motion purports that the sale of the Assets is subject to completing bids, the

20  Objecting Creditors submit that the sale is really not subject to competing bids.  The Sale Motion

21  states that the sale of the Assets will be subject to competing bids for all or part of the Assets.  The

22  Sale Motion states that "if any competing bid is received prior to or at the Sale Hearing, the Debtor

23  will consider such bid and put for approval [Ms. Galant's] bid, one or more competing bids, or some

24  combination thereof."  Inasmuch as Ms. Galant is ultimately in control of the Debtor, on the one

25  hand, and the stalking horse bidder, on the other hand, it is unlikely the Debtor will seriously

26

27  **OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING
THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §
363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY**

28  **CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER
OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)**

1  consider another competing bid.

2      Importantly, there is no evidence of the marketing of the Assets, which may result in any

3  competing bids.  The Objecting Creditors submit that a plan to market the Assets should be

4  established and bid procedures should be put into place so there is a subjective process to consider

5  competing bids.

6      The Objecting Creditors object that there is not a full and complete list of the Debtor's

7  intellectual property.  Schedule C to the Declaration indicates that the intellectual property includes:

8  "All of the Debtor's intellectual property, including name, image, branding, including the trademarks

9  granted or in process for: Jackie's Cookie Connection; The Magic Cookie Jar; Cookie Buddies;

10  Jackie's Connection Cookie Babies."  The Sale Motion indicates that the intellectual property

11  consists of the brand, recipe and images.  The Objecting Creditors submit that Schedule C should set

12  forth a full and complete list of the intellectual property being sold by way of the Sale Motion and

13  the status of any USPTO, so that interested bidders (including potentially the Objecting Creditors),

14  will know exactly what is being sold.

15      The Objecting Creditors submit that there is insufficient evidence to sell the Assets free and

16  clear pursuant to Section 363(f) of the Bankruptcy Code. Section 363(f) states:

17      The trustee may sell property under subsection (b) or (c) of this section free and
       clear of any interest in such property of an entity other than the estate, only if—
18

19          (1) applicable nonbankruptcy law permits sale of such property free and
               clear of such interest;
20

21          (2) such entity consents;

22          (3) such interest is a lien and the price at which such property is to be sold
               is greater than the aggregate value of all liens on such property;
23

24          (4) such interest is in bona fide dispute; or

25          (5) such entity could be compelled, in a legal or equitable proceeding, to
       accept a money satisfaction of such interest.

26

7

27  **OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING
    THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §
28  363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY
    CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. §  365; (3) APPROVING THE FORM AND MANNER
    OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. §  363(M)**

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

1    11 U.S.C. § 363(f).

2        The Sale Motion fails to comply with the requirement of the *Clear Channel* requirements.

3    Paragraph 1 of Section 363(f) is inapplicable because California real property law does not permit a

4    sale free and clear and would preserve any liens despite the transfer. *In re PW, LLC*, 391 B.R. 25, 35

5    (9th BAP 2008).  Real property is transferable even though the title is subject to a mortgage or deed

6    of trust, but the transfer will not eliminate the existence of that encumbrance. Thus, the grantee takes

7    title to the property subject to all deeds of trust and other encumbrances, whether or not the deed so

8    provides. *Id* (citing *Nguyen v. Calhoun*, 105 Cal. App. 4th, 428, 438 (Cal. Ct. App. 2003).  Assuming

9    the creditors do not consent to the sale, paragraph (2) of 363(f) is also inapplicable.

10        Finally, the Objecting Creditors object to affording Ms. Galant protections under Section

11    363(m) of the Bankruptcy Code as a good faith purchaser.  Section 363(m) states:

12           The reversal or modification on appeal of an authorization under subsection
             (b) or (c) of this section of a sale or lease of property does not affect the
13           validity of a sale or lease under such authorization to an entity that
             purchased or leased such property in good faith, whether or not such entity
14           knew of the pendency of the appeal, unless such authorization and such
             sale or lease were stayed pending appeal.
15

16    11 U.S.C. § 363(m).  A good faith buyer is one who buys in good faith and for value. *In re Ewell,*

17    958 F.2d 276, 281 (9th Cir.1992).  Lack of good faith is generally demonstrated by fraud, collusion

18    between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage

19    of other bidders. *Id.*  Ms. Galant has submitted no real evidence that she is proceeding in good faith

20    or providing fair value.  Additionally, the Objecting Creditors submit that Ms. Galant is attempting

21    to circumvent the sale process to ensure she is the only bidder for the Debtor's assets while using the

22    purported auction process set forth in the Sale Motion to establish her good faith and value under

23    Section 363(m) of the Bankruptcy Code.  The sale process is that the Debtor will consider all offers.

24    However, Ms. Galant, the proposed buyer and principal of the Debtor, is the very person who will

25    determine if any competing offers are acceptable.  Clearly, Ms. Galant is not exercising sound

26

8

1 | business judgment in the best interests of creditors.

2 | **V.**

3 | **CONCLUSION**

4 | For the foregoing reasons, the Sale Motion should be denied, or continued until such time

5 | that there is a demonstration that the assets were properly and adequately exposed to the market; that

6 | proper disclosure about the intellectual property is made; and that Objecting Creditors provided

7 | adequate opportunity to consider a competing bid.  Any Reply to this Opposition must be filed with

8 | the Court and served on counsel for Objecting Creditors not later than 7 days prior to the hearing on

9 | the Motion.

10 | DATED:  April 23, 2019                    LEECH TISHMAN FUSCALDO & LAMPL, INC.

11

12 | By: /s/ Sandford L. Frey
     SANDFORD L. FREY
     Attorneys for Objecting Creditors

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 | **OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)**

28

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

LEECH TISHMAN FUSCALD0 & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

### DECLARATION OF BRIAN HALOOSSIM

I, Brian Haloossim, declare as follows:

1.      I am a creditor of the Debtor.[2]  I submit this declaration in support of the Opposition to the Sale Motion.  If called to testify, I could and could testify competently concerning the contents of this Declaration.

2.      My knowledge of the facts set forth herein is based on my personal knowledge, my review of my books and records.

3.      Prior to the Petition Date, I was induced by Rachel Galant to make a loan to the Debtor.  The Debtor scheduled my claim as a deemed allowed claim in the amount of $286,117.37.  I am currently owed in excess of that amount.

4.      The Objecting Creditors hold aggregate claims against this estate of approximately $1,686,495.27 out of the total scheduled unsecured claims of approximately $3,066,869.27, thus accounting for approximately fifty-five (55%) of the unsecured claims against this estate, consisting of (a) my claim in the approximate amount of $286,117.37; (b) the claim of Mr. Rasgon in the approximate amount of $106,000; (c) the claim of the Rasgon Trust in the approximate amount of $697,353.75; (d) the claim of Mr. Jarvis in the approximate amount of $412,000; and (e) claim of the Grossman Creditors in the approximate amount of $185,024.15.

5.      I had no prior knowledge of Ms. Galant's intention to make an offer to purchase the estate's assets, nor did I receive notice of the Sale Motion until April 19 or 20.  While the Objecting Creditors may be willing to submit a bid for the intellectual property and have the financial means to do so, there is insufficient information in the Sale Motion regarding the status of the intellectual property and insufficient time prior to the May 7 hearing to conduct an sufficient investigation, formulate a proposal and attend the hearing with cash.

6.      Schedule C to the Declaration indicates that the intellectual property includes: "All of

---

[2] Capitalized terms shall have the meanings ascribed to them in the Sale Motion.

10

**OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)**

LEECH TISHMAN FUSCALD0 & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 210
PASADENA, CALIFORNIA 91101
626.796.4000

1    the Debtor's intellectual property, including name, image, branding, including the trademarks

2    granted or in process for: Jackie's Cookie Connection; The Magic Cookie Jar; Cookie Buddies;

3    Jackie's Connection Cookie Babies."  The Sale Motion indicates that the intellectual property

4    consists of the brand, recipe and images.  Schedule C should set forth a full and complete list of the

5    intellectual property being sold by way of the Sale Motion and the status of any USPTO, so that the

6    Objecting Creditors and other interested bidders will know exactly what is being sold.  Currently, it

7    is impossible to ascertain the value of the intellectual property based on the description provided in

8    the Sale Motion.

9        7.        Moreover, I do not believe that the assets were properly marketed.  Since Ms. Galant

10   is ultimately in control of the Debtor and she has expressed to me her intention to take the assets

11   from the estate and start her business again without the debt, it is unlikely the Debtor will seriously

12   consider another competing bid, and, in fact, she has not.  I made several proposals on behalf of the

13   Objecting Creditors to Ms. Galant, all of which were summarily rejected by her because she was

14   dissatisfied with the employment terms offered to her.  In response to my last proposal, she stated

15   that she would get back to me, and never did.

16       I declare under penalty of perjury under the laws of the United States of America that the

17   foregoing is true and correct, and that this Declaration was executed on April 23, 2019 in Los

18   Angeles, California.

19

20                                                      _____

21                                                           Brian Haloossim

22

23

24

25

26

27

28

---

11

OPPOSITION TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING
THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §
363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365; (3) APPROVING THE FORM AND MANNER
OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Leech Tishman Fuscaldo & Lampl, 200 South Los Robles, Suite 210, Pasadena, CA 91101.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION OF OBJECTING CREDITORS TO MOTION FOR ORDER: (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZIING THE SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §  363(B) AND (F); (2) APPROVING PROCEDURES RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. §  365; (3) APPROVING THE FORM AND MANNER OF NOTICE; AND (4) APPROVING BUYER AS GOOD FAITH PURCHASER PURSUANT TO 11 U.S.C. §  363(M)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On April 23, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On April 23, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| April 23, 2019 | Lydia Moya | */s/ Lydia Moya* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Attorneys for Ally Bank:  Adam N Barasch,  anb@severson.com, cas@severson.com;nye@severson.com
Attorney for Honda Lease Trust:  Vincent V Frounjian,  vvf.law@gmail.com
Attorney for Creditor Direct Capital Corporation:  Raffi Khatchadourian,
     raffi@hemar-rousso.com
Attorney for Unsecured Creditor Smashssma LLC:  Michael S Kogan,  mkogan@koganlawfirm.com
Trustee:  Dare Law     dare.law@usdoj.gov, ron.maroko@usdoj.gov;Alvin.mar@usdoj.gov
Attorneys for Creditor Continental Bank:  Brett Ramsaur,  brett@ramsaurlaw.com,
     martha.araki@gmail.com;info@ramsaurlaw.com
Unsecured Creditor Synchrony Bank by PRA Receivables Management LLC Authorized Agent: Valerie Smith
     claims@recoverycorp.com
Attorneys for Debtor:  Derrick Talerico,  dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
United States Trustee (LA):    ustpregion16.la.ecf@usdoj.gov


2.  **TO BE SERVED VIA UNITED STATES MAIL:**

Honorable Neil W. Bason
United States Bankruptcy Court
255 E. Temple Street, Suite 1545
Los Angeles, CA 90012

Budget Uniform Rental Inc.
c/o Caleb Donner Esq.
Donner & Donner
910 Hampshire Rd Ste R
Westlake Village, CA 91361

Continental Bank
c/o Bradley R. Jones, Vice President
15 W South Temple, Ste 300
Salt Lake City, UT  84101

Synchrony Bank
(Phillips Credit Card)
c/o PRA Receivables Mgmt LLC
P.O. Box 41021
Norfolk, VA  23541

Jackie's Cookie Connection, LLC
Attn: Rachel Galant, Managing Member/CEO
12109 Santa Monica Blvd.
Los Angeles, CA 90025

Wells Fargo Bank N.A.
800 Walnut St
MACF0005-055
Des Moines, IA 50309

Attorneys for Smashssma LLC
Dennis P. Block Esq.
5437 Laurel Canyon Blvd., 2nd Floor
Valley Village, CA  91607

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**