1  | ZOLKIN TALERICO LLP
   | Derrick Talerico (State Bar No. 223763)
2  | dtalerico@ztlegal.com
   | David B. Zolkin (State Bar No. 155410)
3  | dzolkin@ztlegal.com
   | 12121 Wilshire Blvd., Suite 1120
4  | Los Angeles, CA  90025
   | Telephone:      (424) 500-8551
5  | Facsimile:      (424) 500-8951
6
   | Attorneys for Debtor and
7  | Debtor-in-Possession

**FILED & ENTERED**

**MAY 23 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY sumlin      DEPUTY CLERK**

**CHANGES MADE BY COURT**

8
9  |                    **UNITED STATES BANKRUPTCY COURT**
10 |          **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

11 | In re:                                    | Case No. 2:18-bk-24571-NB
12 | JACKIE'S COOKIE CONNECTION, LLC,          | Chapter 11
   | a California limited liability company,
13 |                                           | **ORDER RE DEBTOR'S MOTION FOR
14 |                  Debtor and Debtor-       | ORDER:  (1) APPROVING ASSET
   |                  in-Possession.          | PURCHASE AGREEMENT AND
15 |                                           | AUTHORIZING THE SALE OF PROPERTY
   |                                           | FREE AND CLEAR OF LIENS, CLAIMS
16 |                                           | AND INTERESTS PURSUANT TO 11 U.S.C.
   |                                           | § 363(b) AND (f); (2) APPROVING
17 |                                           | PROCEDURES RELATED TO THE
   |                                           | ASSUMPTION OF CERTAIN EXECUTORY
18 |                                           | CONTRACTS AND UNEXPIRED LEASES
   |                                           | PURSUANT TO 11 U.S.C. § 365;
19 |                                           | (3) APPROVING THE FORM AND
   |                                           | MANNER OF NOTICE; AND (4)
20 |                                           | APPROVING BUYER AS GOOD FAITH
   |                                           | PURCHASER PURSUANT TO 11 U.S.C.
21 |                                           | § 363(m)**
22
23 |                                           | <u>**Hearing**</u>:
   |                                           | **Date:        May 7, 2019**
24 |                                           | **Time:        2:00 p.m.**
   |                                           | **Place:       Courtroom 1545**
25 |                                           | **                255 East Temple Street**
   |                                           | **                Los Angeles, CA 90012**
26
27
28

1

1  On May 7, 2019, at 2:00 p.m., in Courtroom 1545 of the above entitled Court, with the

2  Honorable Neil W. Bason, judge presiding, a hearing was conducted (the "Hearing") on the *Motion*

3  *for Order: (1) Approving Asset Purchase Agreement and Authorizing the Sale of Property Free and*

4  *Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363(b) and (f); (2) Approving*

5  *Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases*

6  *Pursuant to 11 U.S.C. § 365; (3) Approving the Form and Manner of Notice; and (4) Approving*

7  *Buyer as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m)* (the "Motion") [Docket No. 80]

8  filed by Jackie's Cookie Connection, LLC, debtor and debtor-in-possession ("Debtor").  Derrick

9  Talerico of Zolkin Talerico LLP appeared for Debtor; and other appearances were made as set forth

10  in the Court's record of the Hearing.

11  The Court having read and considered the Motion, supporting documents and objections; the

12  Court heaving heard and considered the arguments of counsel at the Hearing; the Court finding that

13  notice and service of the Motion was proper and good cause appearing therefor and the Court having

14  issued its tentative decision on the Motion (the "Tentative Ruling"), a copy of which is attached

15  hereto as **Exhibit A**, it is hereby:

16  **ORDERED** that the Motion is granted for the reasons set forth in the Tentative Ruling,

17  stated on the record at the Hearing, and as further modified by this Order; and it is further

18  **ORDERED** that, subject to the conditions set forth below, the Debtor is authorized close a

19  sale of assets contemplated by the Motion to Rachel Galant or a company 100% owned by Rachel

20  Galant (or, if approved by separate order, some other percentage), to which she has assigned her

21  rights as the buyer per the Motion (the "Buyer"); and it is further

22  **ORDERED** that Part 1 of the sale (as defined in the Motion) approved by this Order

23  authorizes the Debtor to sell the equipment specified in **Exhibit B** hereto, to Buyer for the amount(s)

24  therein listed (the "Equipment Proceeds"); and it is further

25  **ORDERED** that Buyer shall make payment to the Debtor's estate on account of Part 1 of the

26  sale by 2:00 p.m. (pacific time) on May 21, 2019 and such proceeds shall be promptly deposited into

27  the Debtor in Possession general account; and it is further

28  **ORDERED** that upon receipt of the Equipment Proceeds, the Debtor is authorized to pay the

corresponding amounts to the equipment lessors, as listed on Exhibit B; and it is further

**ORDERED** that should the Buyer subsequently resell all or part of the equipment specified in Exhibit B, any and all proceeds therefrom in excess of the Buyer's original purchase price (the "Excess Proceeds") shall be delivered to the Debtor's bankruptcy estate for the benefit of creditors (or, in the event of dismissal of the bankruptcy case, distributed directly to creditors) and no portion of such Excess Proceeds may be used for payment of the Part 2 Purchase Price (as defined below); and it is further

**ORDERED** that Part 2 of the sale (as defined in the Motion) approved by this Order, authorizes the Debtor to (i) assume and assign and (ii) sell to the Buyer, each as the case may be, the assets specified in **Exhibit C** and **Exhibit D** hereto, on the condition that the Buyer (a) complies with the requirements of Bankruptcy Code § 365(b)(1)(A), (B) and (C), including the payment of any required cure amounts; and it is further

**ORDERED** that, subject to the conditions set forth in the preceding paragraph, Buyer is authorized to take assignment of and/or purchase the assets specified in Exhibit C and Exhibit D hereto after receipt by the Debtor's estate of the purchase price of $100,000.00 (the "Part 2 Purchase Price"), without further opportunity to overbid from any other potential purchaser; and it is further

**ORDERED** that if Buyer fails timely to pay the Part 2 Purchase Price, then Debtor or any other party in interest may self-calendar a continued hearing at which this Court will address whether to modify the proposed sale of the Part 2 assets, and this Court anticipates that at that point this Court would permit any potential purchaser for the Part 2 assets ~~may~~ to present a bid to the Debtor for such assets, and as to Buyer only, the minimum bid would be $50,000 (other prospective bidders could bid less, but because Buyer is essentially seeking to cut off successor liability via a "free and clear" sale, this Court ruled at the above-captioned hearing that her minimum bid would be $50,000); ~~, in a minimum amount of $50,000.00 – including the Buyer – subject to further review and consideration by the Bankruptcy Court, subject to the Debtor's right to sell, and the Buyer's right to buy, the Part 2 assets for $100,000.00~~; and it is further

**ORDERED** that Debtor shall resolve any disputes regarding purchase/cure amounts for equipment with any equipment lessor/lienholder(s) by not later than May 20, 2019, or those creditors

1  will be allowed to repossess the equipment on 24 hours notice; it is further

2      **ORDERED** that any disputes with any equipment lessor/lienholder(s) will be addressed at

3  the continued hearing and continued status conference set for May 21, 2019, at 2:00 p.m.; and it is

4  further

5      **ORDERED** that upon close of the sales to the Buyer as set forth above, Buyer will be

6  deemed a good faith purchaser, as contemplated by 11 U.S.C. 363(m); and it is further

7      **ORDERED** that the 14-day stay on the effectiveness of this Order, is waived, such that this

8  Order shall be immediately effective upon entry.

9

10                                              ###

11

12

13

14

15

16

17

18

19

20

21

22

23

    Date: May 23, 2019                    Neil W. Bason
24                                         United States Bankruptcy Judge

25

26

27

28

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, May 7, 2019**                                    **Hearing Room    1545**

---

2:00 PM
**2:18-24571    Jackies Cookie Connection LLC**                                    **Chapter 11**

   **#2.10**    Cont'd Status Conference re: Chapter 11 Case
             fr. 01/08/19, 1/15/19, 1/29/19, 2/26/19, 3/26/19;
             04/30/2019

                              Docket      5

**Tentative Ruling:**

   **Revised Tentative Ruling for 5/7/19:**
   Appearances required.

   (1) Current issues
        (a) Motion of the United States Trustee ("UST") to convert, dismiss, or
   appoint a Chapter 11 trustee (the "Conversion Motion", dkt. 76)
        Continue to to be heard concurrently with the continued status
   conference (see part "(2)" of this tentative ruling, below). If, prior to the
   continued hearing date, Debtor files a declaration that it has closed the
   proposed Sale Part One, this Court anticipates that the tentative ruling for the
   continued hearing will be to deny the Conversion Motion without prejudice.
        (b) Debtor's 11 U.S.C. 363 sale motion (the "Sale Motion," dkt. 80);
   Oppositions (dkt. 87, 93), and Reply (dkt. 94, 96)
        Grant the Sale Motion, but only on the following terms:
            (i) Minimum dollar amount for Sale Part Two.  Debtor's principal,
   Ms. Rachel Galant, is essentially agreeing to pay debts on which she is
   already the guarantor (Sale Part One, estimated at $450,000), and if there is
   any money left over from the anticipated $550,000 proceeds of the refinance
   and sale of her home, then that residual amount (estimated at $100,000, but
   possibly much less, down to $-0-) will be used to pay for Debtor's intellectual
   property and some *de minimus* assets (Sale Part Two).
        The tentative ruling is that there must be a minimum dollar amount
   payable for Sale Part Two.  That is essentially the consideration Ms. Galant
   must pay (beyond what she owes anyway, as a guarantor) for being able to
   continue her business without successor liability, based on the Bankruptcy
   Code's ability to sell property free and clear of an liability that would otherwise
   follow the assets (which is one type of "interest" in such property).  See, e.g.,
   *In re Trans World Airlines, Inc.*, 322 F.3d 283, 290-91 (3d Cir. 2003).  *See*

---

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, May 7, 2019**                                                      **Hearing Room    1545**

---

2:00 PM
**CONT...        Jackies Cookie Connection LLC**                                              **Chapter 11**

*also Myers v. U.S.*, 297 B.R. 774 (Bankr. S.D. Cal. 2003).

The tentative ruling is to set the minimum consideration for the Sale Part Two at not less than $50,000.  The tentative ruling is that this dollar amount is subject to overbids, as set forth below.

(ii) <u>Overbids</u>.  The proposed sale must be subject to any overbids at the hearing, including any overbids that are not cash (in whole or in part), or that are for fewer than all assets, or any other combination of things.  Any "highest and best" determination must be made initially by Debtor, but subject to any objections and resolution by this Court.  *See generally, e.g., In re Lahijani*, 325 B.R. 282 (9th Cir. BAP 2005); *In re Mickey Thompson Entm't Group, Inc.*, 292 B.R. 415, 421 (9th Cir. BAP 2003).

(iii) <u>Backup bids</u>.  Any sale must be subject to any backup bids, in the event the winning bidder does not timely close either Sale Part One or Sale Part Two.  For example, if the proposed purchaser - Debtor's principal - were to close Sale Part One but fail to close the Sale Part Two, and if a backup bidder has been approved for Sale Part Two, then the backup bidder could acquire the Sale Part Two assets (Debtor's recipes, trademarks, and other intellectual property).

(iv) <u>Deadline for resolution of any disputes regarding purchase/cure amounts for equipment</u>.  The motion lists some cure/payment amounts as "TBD."  In addition, one creditor has objected.  *See* Sale Motion (dkt. 82, Schedules A&B), *and see* Direct Cap. Corp. Obj. (dkt. 93) (asserting $11,050.14 arrears plus $5,411.34 attorney fees to date, for a total alleged cure amount of approximately $16,461.48).

The tentative ruling is to set a deadline of **May 20, 2019** for Debtor to reach agreement with any equipment lessor/lienholder, or else those creditors will be free to repossess the equipment and must be given access to do so on 24 hours' notice.  The reason is that the equipment must be removed by the end of May, or the bankruptcy estate will "abandon" the equipment (technically, an "abandonment" under 11 U.S.C. 554 is abandonment from the estate to Debtor; but Debtor apparently means that it intends to leave the equipment at the landlord's premises, for disposition by the landlord - this Court expresses no opinion whether that would create any postpetition liability, or what competing rights might exist in the equipment at that point).  Any dispute can be addressed at the continued hearing on the same date as the continued status conference (see below).

(v) <u>Good faith finding</u>

---

7                                                                            **EXHIBIT A**

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, May 7, 2019**                                                    **Hearing Room   1545**

---

<u>2:00 PM</u>
**CONT...        Jackies Cookie Connection LLC**                                      **Chapter 11**

Any "good faith" finding under 11 U.S.C. 363(m) will need to be
supported by sufficient evidence (see the posted Procedures of Judge Bason,
available at www.cacb.uscourts.gov).  Normally that would include more
information than what is Ms. Galant's declaration.  *See* Dkt. 82, p.6:1-7.  But
the tentative ruling is to accept that declaration, combined with the purchase
price above the debts for which she is personally liable and the agreement to
turn over to Debtor any profit on resale of equipment, as sufficient *prima facie*
evidence of good faith.

As to the objection of the "Objecting Creditors" (Mr. Haloosim *et al.*,
dkt. 87), this Court is inclined to agree with Debtor that, on the present record,
there is a *prima facie* showing by Debtor of sufficient marketing, and
insufficient evidence of any improper conduct by Debtor.  As for their
objections under 11 U.S.C. 363(f), this Court questions whether they have an
"interest" in the property to be sold and, if not, whether they have standing to
raise any objections.  In addition, as stated in the posted Producedures of
Judge Bason (available at www.cacb.uscourts.gov):

> **§ 363(f): Sales free and clear.**  Regarding § 363(f)(5), Judge Bason
> does not follow *Clear Channel Outdoor, Inc. v. Knupfer (In re PW,
> LLC)*, 391 B.R. 25, 40 (B.A.P. 9th Cir. 2008).  He has ruled that a
> sale free and clear is permissible under that statute whenever the
> interest at issue is subject to monetary valuation.  *See In re Trans
> World Airlines, Inc.*, 322 F.3d 283, 290-91 (3d Cir. 2003) ("*TWA*")
> (because employees' claims were "subject to monetary valuation,"
> debtor's assets could be sold free and clear of successor liability for
> such claims under § 363(f)(5)).  Alternatively, Judge Bason has ruled
> that "cramdown" is among the types of legal or equitable proceeding
> within the statute, or that *Clear Channel* is distinguishable in most
> cases under the rationale of *In re Jolan,* 403 B.R. 866 (Bankr. W.D.
> Wash. 2009), because holders of interests can be compelled in
> numerous other types of legal or equitable proceedings to accept a
> money satisfaction (which might be $-0- in the case of an interest
> that is entirely underwater).  Those proceedings include a
> hypothetical foreclosure by one of the lienholders, or a receivership
> (which could be initiated at the behest of creditors or by the debtor
> itself).  *See* Cal. Code Civ. Proc. ("CCP") §564(b)(9) (power to

---

**EXHIBIT A**

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

**Tuesday, May 7, 2019**                                                                **Hearing Room    1545**

---

2:00 PM
**CONT...**        **Jackies Cookie Connection LLC**                                        **Chapter 11**

appoint receiver to sell property); CCP § 568.5 (receiver empowered
to sell property as provided in CCP §§701.510 et seq.); CCP
§ 701.630 (extinguishment of liens); CCP § 701.680 (binding effect
of sale).  The judge respectfully disagrees with *In re Hassen Imports
P'ship,* 502 B.R. 851, 860 et seq. (C.D. Cal. 2013) (hypothetical
foreclosure sale did not qualify under section 363(f)(5)).

(2) Deadlines/dates.  This case was filed on 12/17/18.
    (a) Bar date:  N/A
    (b) Plan/Disclosure Statement*:  N/A
    (c) Continued status conference:  5/21/19 at 2:00 p.m., with no written
        status report required.
    *Warning: special procedures apply (*see* order setting initial status
    conference).

If appearances are not required at the start of this tentative ruling but you
wish to dispute the tentative ruling, or for further explanation of "appearances
required/are not required," please see Judge Bason's Procedures (posted at
www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances
are required, and you fail to appear without adequately resolving this matter
by consent, then you may waive your right to be heard on matters that are
appropriate for disposition at this hearing.

**Tentative Ruling for 5/7/19:**
This Court anticipates posting a tentative ruling at a later time.

**Tentative Ruling for 4/30/19:**
Continue as set forth below.  Appearances are not required on 4/30/19.

(1) Current issues
        This Court has reviewed the debtor's latest filed documents and is not
aware of issues that would warrant a status conference at this time.

(2) Deadlines/dates.  This case was filed on 12/17/18.
    (a) Bar date:  N/A
    (b) Plan/Disclosure Statement*:  N/A

---

**EXHIBIT A**

## Schedule A - Equipment to be Purchased

| Equipment Lessor / Owner | Original Price | Purchase Price | Equipment Description |
|---|---|---|---|
| Amur Equip | $74,652.75 | $63,000.00 | Revent - 724U Double Rack Gas Oven, 6 Racks |
| Continental | $13,990.00 | $10,000.00 | FC63250SP/2424 Series Formula/Lot Control Scale System; second base for fine ingredients; thermal label printer and cable; Inventory Traxx Software; Heavy Duty Bar Code Scanner |
| Hitachi | $74,652.75 | $63,000.00 | Revent - 724U Double Rack Gas Oven, 6 Racks |
| Hiatachi | $39,995.00 | $34,000.00 | Hobart - Vertical planetary Mixers - 220V - 3ph - 5hp Stainless steel bowl w/3 attachments (hook, flatbeater, whip) Wire Safety Guard w/ interlock |
| Crestmark | $89,965.00 | $90,000.00 | Anritsu - Side View X-Ray System |
| C&D (Lease Corp of Amer.) | $48,400.00 | $45,378.59 | Primo Linear - Container indexing conveyor 8 ' l o n g x 6 " wide stainless-steel frame, tool-less removeable hopper, weigh bucket & funnel stainless steel construction |
| Beneficial | $43,475.00 | $40,000.00 | Primo Linear - Automatic twin lane weigh filling machine, single pan configuration, 5 liter weigh bucket volume color pc touch screen and windows operating system; Stainless steel heavy-duty floor stand to support V5 primo linear 1; Hopper vibrator / settling device |
| Pawnee | | $44,000.00 | BoxxPack - Manual hand packing system with product infeed conveyor includes: one (1) horizontal product infeed conveyor- 10 feet; one (1) case conveyor with box pre-stop and guides - 8 feet two (2) hand packing stations systems integration and one (1) case setup |
| Wells Fargo | | TBD | Big Joe Forklift |
| | TOTAL: | $389,378.59 | |

**EXHIBIT B**

## Schedule B - Leases to Be Cured, Assumed, and Assigned

| Lessor | Cure Amount | Property Description |
|---|---|---|
| Pawnee | $0.00 | Hood, Freezer, Cooler |
| Time | $4,540.77 | Walk-In Fridge |
| Financial Pacific | TBD | Two ovens |
| Direct | $13,755.81 | Cookie Depositor |
| Keystone Management | $0.00 | Santa Monica Café Lease |
| Fleisher Freight Services | $5,000.00 | Warehouse lien on Exhibit C tubes held at port |
| Total: | $23,296.58 | |

**EXHIBIT C**

## Schedule C - Assets to be Purchased

| Asset | Description | Quantity |
| --- | --- | --- |
| 1) Intellectual Property | All of the Debtor's intellectual property including name, image, branding, including the trademarks granted or in process for: Jackie's Cookie Connection; The Magic Cookie Jar; Cookie Buddies; Jackie's Connection Cookie Babies. | N/A |
| 2) Empty Tubes | Packing tubes of various sizes branded for the Debtor | Approx. 150,000 |
| 3) Filled Tubes | Packing tubes filled with cookies | Approx. 250 held by Amazon for sale; approx. 150 held by the Debtor |
| 4) Shipping Boxes | Corrugated cardboard shipping boxes and packing foam branded for the Debtor | Approx. 10,000 |
| 5) Gift Boxes | Speciality retail cookie boxes | Approx. 2,500 |
| 6) Glass Cookie Jars | Speciality retail cookie jars | Approx. 600 |
| 7) Miscellaneous Baking Items and Furniture | Metal baking/work tables; baking utensils; café furniture (tables and chairs); retail display items | N/A |

EXHIBIT D